**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Inc., ) | CV 12-00521-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Gustavo Jacamo, individually and dba ) Cardinal Pizza, ) | |
| ) | |
| Defendant. ) | |
| ) | |

We have before us plaintiff's motion for default judgment (doc. 14). When considering a motion for default judgment we take a complaint's well-pled allegations regarding liability as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff was granted the exclusive commercial distribution rights to "'The Event': The Manny Pacquiao v. Joshua Clottey WBO Welterweight Championship," which was televised on March 13, 2010 ("the Program"). Defendant owns Cardinal Pizza, a Phoenix restaurant with a capacity of approximately 25 people. Cardinal Pizza displayed the Program on one thirty-two inch television located in the corner of the dining room. There was no cover charge to enter. Three separate head counts on March 13, 2010 revealed that 23 patrons were inside.

Plaintiff's complaint seeks relief under three counts: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion (doc. 1). Default was entered by the

Clerk on June 21, 2012 (doc. 13). Defendant has not moved to set aside default, and has not otherwise appeared.

Under 47 U.S.C. § 605, plaintiff must show that (1) defendant intercepted and (2) "divulged or published. . . a communication transmitted by" plaintiff. Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981). If successful, plaintiff can recover statutory damages of at least $1,000 and at most $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Damages may be increased by up to $100,000 per violation if defendant intercepted and published the communication "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(3)(C)(ii). When deciding whether to award enhanced damages, courts consider a multitude of factors, including "prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D.Ariz. Apr. 30, 2008). We balance the need to deter future illegal conduct against the harm that will result to the defendant's business if significant damages are assessed. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

Defendant admits by defaulting that he published the Program to his customers without a license, and did so "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." Compl. ¶ 20.[1] We conclude that under these facts, considering the goal of deterring piracy, a statutory damages award of $10,000 is appropriate.

We do not agree with plaintiff, however, that an award of $100,000 in enhanced damages is warranted in this case. There is no evidence that defendant is a repeat illegal interceptor of programming, and there is no evidence that plaintiff incurred significant damages. Defendant did not collect a cover charge upon entry, and there is no indication that

---

[1] Because defendant defaulted, plaintiff cannot determine what type of signal transmission was used and asks for recovery under 47 U.S.C. § 605.

1 he charged a premium for food or drinks that night. The Program was displayed to at most
2 23 people, and on one relatively small television.  There is no evidence that defendant
3 advertised a broadcast of the Program.  However, a substantial damages award may play a
4 more successful role in deterring future violations.  We conclude that under the facts of this
5 case, an enhanced damages award of $2,500 is reasonable.  The total damages award of
6 $12,500 will both compensate plaintiff and act as a deterrent against future violations.

7     Plaintiff requests an award of $1,800 on its conversion claim.  However, it presents
8 no argument or evidence to support this request.  We decline to award any additional
9 damages on the conversion claim.

10     Finally, plaintiff requests an award of its costs and attorneys' fees.  Plaintiff may file
11 a bill of costs in accordance with LRCiv 54.1 and Rule 54(d)(1), Fed. R. Civ. P., and a
12 motion for attorneys' fees pursuant to Rule 54(d)(2), Fed. R. Civ. P.  We will rule on a
13 motion for attorneys' fees if and when one is before us.

14     **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 14).
15 The Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of
16 $12,500.

17     DATED this 19th day of July, 2012.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge